IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02327-BNB

JUSTIN CANTERBURY,

    Plaintiff,

v.

SHERIFF JAMES BIECKER,
DOCTOR ROY HAVENS, and
HEAD NURSE CATHY MASTEAS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Justin Canterbury, is an inmate at the Fremont County Detention Center. Mr. Canterbury has filed *pro se* a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983 claiming medical mistreatment and denial of medical attention. He seeks damages as relief.

    The Court must construe the Prisoner Complaint liberally because Mr. Canterbury is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Canterbury will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    Having reviewed the Prisoner Complaint, the Court finds that the complaint is deficient. First, the Prisoner Complaint does not comply with the pleading requirements

of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Canterbury fails to provide a short and plain statement of his claims showing that he is entitled to relief.  It appears that Plaintiff is asserting one or more Eighth Amendment claims premised on an alleged failure to provide adequate medical care.  Mr. Canterbury alleges that he has been denied three snacks a day, which are necessary to treat his "mal-absorption and hypoglycemic blood issues."  He also alleges that he has been denied finger sticks to test his blood sugar levels on numerous occasions.  Mr. Canterbury, however, fails to allege specific facts that demonstrate how each of the named Defendants personally participated in the asserted constitutional

violations. See Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011) ("personal participation in the specific constitutional violation complained of is essential"). Moreover, allegations regarding the denial of Plaintiff's grievances are insufficient to hold a defendant liable under § 1983. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.")

Finally, Mr. Canterbury may not hold Defendants liable based on a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under Bivens or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

See Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). Therefore, to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Id. at 1199.

If Mr. Canterbury wishes to pursue a constitutional claim or claims against the named Defendants, he must file an amended complaint that identifies what those Defendants did that allegedly violated his constitutional rights. Mr. Canterbury is

advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  In order to state a claim in federal court, Mr. Canterbury "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Canterbury file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Canterbury shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Canterbury fails to file an amended complaint that complies with this order within the time allowed, the court will dismiss some or all of the claims against the Defendants.

DATED November 14, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge